10:05:30

```
                   IN THE UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION


   JAY MAU, et al.,                    )   Docket No. 10 C 1411
                                       )
                 Plaintiffs,           )
                                       )
           vs.                         )
                                       )
   L.A. FITNESS INTERNATIONAL, LLC,    )   Chicago, Illinois
    doing business as PRO RESULTS,     )   April 6, 2010
                                       )   9:30 o'clock a.m.
                 Defendant.


                TRANSCRIPT OF PROCEEDINGS - MOTION
                BEFORE THE HONORABLE MILTON I. SHADUR


   APPEARANCES:

   For the Plaintiff:     BOCK & HATCH LLC
                          BY:  MR. LOUIS CAREY LUDWIG
                          134 North LaSalle Street, Suite 1000
                          Chicago, IL  60602
                          (312) 658-5516



   For the Defendant:     NEAL, GERBER & EISENBERG
                          BY:  MR. ROBERT RADASEVICH
                               MS. EMILY MULDER MILMAN
                          Two North LaSalle Street, Suite 2300
                          Chicago, IL  60602
                          (312) 269-5266



   Court Reporter:        MS. CAROLYN R. COX, CSR, RPR, CRR, FCRR
                          Official Court Reporter
                          219 S. Dearborn Street, Suite 1854-B
                          Chicago, Illinois  60604
                          (312) 435-5639
```

| | | |
|---|---|---|
| | 1 | (The following proceedings were had in open court:) |
| 10:46:08 | 2 | THE CLERK:  10 C 1411, Mau v. L.A. Fitness. |
| 10:46:16 | 3 | MR. RADASEVICH:  Good morning, your Honor; Robert |
| 10:46:18 | 4 | Radasevich and Emily Milman for the defendant, L.A. Fitness. |
| 10:46:21 | 5 | MR. SNAO:  Good morning, your Honor; Louis Ludwig for |
| 10:46:22 | 6 | plaintiff. |
| 10:46:22 | 7 | THE COURT:  Good morning.  We have a 12(b)(6) motion |
| 10:46:37 | 8 | to dismiss this as a class action complaint.  And what's said, |
| 10:46:44 | 9 | as I read it, is that this is not a penalty because of the |
| 10:46:53 | 10 | contrast between liquidated damages and penalty and this is |
| 10:47:00 | 11 | not characterized as liquidated damages. |
| 10:47:04 | 12 | Now, as with any 12(b)(6) motion to dismiss, just as |
| 10:47:16 | 13 | I did on the last one, I have to treat Mau's allegations as |
| 10:47:21 | 14 | gospel subject to the plausibility requirements that Twombly |
| 10:47:27 | 15 | and Iqbald have come up with.  When I looked at the complaint |
| 10:47:34 | 16 | and the motion, I was puzzled that neither side, at least I |
| 10:47:40 | 17 | thought, had provided the contract that was at the core of the |
| 10:47:45 | 18 | dispute, but it turned out that inadvertently, I guess, the |
| 10:47:49 | 19 | plaintiff had, although identifying the contract as Exhibit A |
| 10:47:54 | 20 | just hadn't attached it to the complaint that was filed.  So |
| 10:47:58 | 21 | you were good enough to furnish it, so I have looked at it. |
| 10:48:01 | 22 | MR. RADASEVICH:  We apologize for that, your Honor. |
| 10:48:04 | 23 | We had gotten a copy from the plaintiff.  We were not aware of |
| 10:48:06 | 24 | that. |
| 10:48:06 | 25 | THE COURT:  That was, you know, just an oversight |

| | | |
|---|---|---|
| 10:48:09 | 1 | obviously.  The problem that I have is that even a threshold |
| 10:48:23 | 2 | look confirms the idea that the notion that somehow -- you |
| 10:48:35 | 3 | have two prongs of a dilemma, liquidated damages or penalty, |
| 10:48:39 | 4 | and that unless something would qualify, for example, for |
| 10:48:43 | 5 | liquidated damages, there is no potential for a penalty |
| 10:48:47 | 6 | doesn't really make a lot of sense. |
| 10:48:50 | 7 | Let me give you an example.  Suppose that the |
| 10:48:53 | 8 | contract had said that if the plaintiff terminates the |
| 10:49:00 | 9 | contract early, they can do that but they got to pay all the |
| 10:49:04 | 10 | fees.  Any question that that could be characterized as a |
| 10:49:11 | 11 | penalty? |
| 10:49:12 | 12 | MR. RADASEVICH:  No.  If they want to sign a contract |
| 10:49:14 | 13 | for a year and pay a fee for a year, they can use all the |
| 10:49:22 | 14 | services, not use all the services, try to cancel it.  Up |
| 10:49:26 | 15 | front it says for a year. |
| 10:49:27 | 16 | THE COURT:  I understand that.  But you give them a |
| 10:49:30 | 17 | privilege of terminating, right? |
| 10:49:33 | 18 | MR. RADASEVICH:  Yes, we do, your Honor. |
| 10:49:35 | 19 | THE COURT:  Now, the question I posed is, if you have |
| 10:49:37 | 20 | one that says it's for a year but they can terminate any time, |
| 10:49:41 | 21 | which means they don't have to render whatever they do in |
| 10:49:47 | 22 | connection with these fitness things but they still got to pay |
| 10:49:52 | 23 | the amount if they cancel, you say that would not constitute a |
| 10:49:57 | 24 | penalty? |
| 10:49:57 | 25 | MR. RADASEVICH:  Correct, your Honor. |

10:49:59  1   THE COURT:  Well, there are two ways to look at that,
10:50:01  2   and one way says, yes, it would be a penalty and the reason,
10:50:06  3   of course, is that when you look at the analysis that's
10:50:12  4   involved in that, the question whether the amount that the
10:50:20  5   person has to come up with is somehow related to the
10:50:27  6   consequence is something that enters into the definition of
10:50:33  7   penalty.  That's what, you know, our Court of Appeals went
10:50:36  8   back -- I think the earlier one is the Lakeside Bridge case
10:50:42  9   that talks about the idea whether the test as what is a
10:50:47  10  penalty, whether the payment is there to induce performance or
10:50:54  11  not.  If the payment is there to induce performance, then that
10:51:01  12  qualifies as a potential penalty.  And in the example that I
10:51:06  13  put in which you say, okay, you can walk away if you like, but
10:51:13  14  you are going to have to pay a hundred cents on the dollar
10:51:16  15  anyway, that requirement is there or could be viewed as being
10:51:20  16  there to induce performance.
10:51:23  17       MR. RADASEVICH:  Your Honor, I think this is closer
10:51:25  18  to the Rich East case out of the Seventh Circuit which dealt
10:51:28  19  with prepayment penalties on a loan.  You can keep the loan
10:51:32  20  forever, pay it off according to its terms.  If you want to
10:51:35  21  get out early, you have to pay a prepayment amount.
10:51:37  22       THE COURT:  But you see that when you talk about the
10:51:40  23  prepayment privileges, what happens is that somebody is
10:51:44  24  excused from something else in connection with it and that
10:51:49  25  therefore they look at that in terms of is that -- you

                10:51:56   1    remember the analysis in those cases was, well, look what they
                10:51:59   2    gained as a result of paying the prepayment amount.  They
                10:52:03   3    gained the opportunity not to have to buy the future payments
                10:52:10   4    on the loan.  You know, the market changes, they're free to
                10:52:14   5    get out, but they have to pay a price for that.  But you see
                10:52:17   6    this one doesn't parallel that because of the fact that when
                10:52:23   7    you're comparing, you don't have something on the other side
                10:52:27   8    of the equation.
                10:52:30   9           So all I'm saying is that it could be characterized
                10:52:36   10   as a penalty, and because it could be, it seems to me that
                10:52:41   11   this is not one that gets dealt with on the -- at the
                10:52:46   12   threshold in the manner that's involved here.
                10:52:49   13          Now, it's entirely possible -- let me make something
                10:52:54   14   else clear.  It's entirely possible that L.A. Fitness could
                10:53:00   15   say, wait a minute, we've got sunk costs anyway, we have an
                10:53:05   16   organization, we are not hiring people for servicing this one,
                10:53:10   17   and, therefore, we're stuck with the obligations that we have,
                10:53:17   18   and, therefore, requiring a payment of 50 percent is perfectly
                10:53:21   19   reasonable.  And that may be entirely true, but, again, that
                10:53:27   20   requires, I think, an analytical approach to the thing, and
                10:53:30   21   that's really what I'm saying.  I think that it's possible
                10:53:33   22   that they could argue penalty, but it's not automatically
                10:53:38   23   knocked out by reason of the motion.
                10:53:41   24          So I don't want to be misunderstood in terms of
                10:53:46   25   overcharacterizing the complaint.  It may well fail with some

Case: 1:10-cv-01411 Document #: 18 Filed: 04/13/10 Page 6 of 10 PageID #:59

6

1   further showing of reasonableness on the part of L.A. Fitness,
2   and if so, then the lawsuit is going to go away.  So I am
3   not -- for example, I am not going to be considering
4   certifying this one at all because it seems to me that there
5   is a substantial possibility that it may not survive.
6           Let me qualify what I have just said.  Sometimes
7   defendants, when they feel very comfortable with their
8   position, would prefer to have the class certified so you are
9   not bugged by future lawsuits, and I always leave that up to
10  the defendants in those terms.  As a matter of fact, I think
11  the Court of Appeals in maybe the second to the last batch of
12  opinions expressed itself on one saying we're kind of
13  surprised that the defendants didn't seek class certification
14  on this one because they would have been plagued with
15  different lawsuits.  I am not ruling on that one.
16          All I am saying is that for the present, I think it
17  would be inappropriate, given what I think is a good faith and
18  substantial attack on it.  I don't think that it's appropriate
19  to consider certification, so I am going to deny the 12(b)(6)
20  motion without prejudice to its potential advancement on what
21  would, I suppose, equate to a Rule 56 motion, summary judgment
22  motion.
23          By the way, let me look ahead to that.  If that would
24  be in contemplation, I would not expect the parties to engage
25  in all of the heavy lifting that our local Rule 56.1 requires

10:55:48 1   because I suspect that it would lend itself to determination
10:55:58 2   of a legal issue with a kind of modest amount of discovery and
10:56:00 3   presentation, so I don't want to be again misunderstood on
10:56:06 4   that score. I am not, you know -- sometimes LR 56.1 is
10:56:13 5   overkill and I understand that.
10:56:16 6          Now, wait just a minute.
10:56:20 7          MR. RADASEVICH: Your Honor, I learned a long time
10:56:22 8   ago not to argue with the bench, but we did raise a couple of
10:56:25 9   other points with respect to isolated counts in the complaint,
10:56:28 10  the conversion count, the unjust enrichment count, and the
10:56:32 11  declaratory judgment count that even if the other ones stood,
10:56:34 12  we don't think those would stand on an independent bases.
10:56:37 13         THE COURT: Well, for example, you have raised a
10:56:41 14  potential jurisdictional issue because of diversity which
10:56:44 15  would only apply if CAFA applied, although counsel didn't
10:56:49 16  do -- you know, I have been enough, so much, that after ten
10:56:59 17  years of lawyers not really looking at how you treat LLCs, I
10:57:03 18  have now started when I look at them facially and they have
10:57:08 19  sought to assert diversity -- and I am not talking the CAFA
10:57:12 20  case, in an ordinary case, and they have just referred to the
10:57:16 21  principal place of business and the place of incorporation, I
10:57:22 22  have taken to dismissing them and saying that you can revive
10:57:26 23  it but you got to pay another $350 because you shouldn't have
10:57:30 24  done it the first time.
10:57:31 25         Now, we have an April 21st date. I think that it's a

Case: 1:10-cv-01411 Document #: 18 Filed: 04/13/10 Page 8 of 10 PageID #:61

8

| | | |
|---|---|---|
| 10:57:36 | 1 | good idea to keep that one -- |
| 10:57:38 | 2 | MR. RADASEVICH: Okay. |
| 10:57:38 | 3 | THE COURT: -- to find out where the parties are in |
| 10:57:42 | 4 | those terms, given the nature of my ruling here, and you ought |
| 10:57:48 | 5 | to be thinking in the interim about whether the disclosures or |
| 10:57:54 | 6 | discovery that you would be engaging in might focus on the |
| 10:58:00 | 7 | kind of issue that I have indicated might perhaps carry the |
| 10:58:03 | 8 | day for defendant, although I don't make any ruling on that |
| 10:58:07 | 9 | either. |
| 10:58:08 | 10 | MR. RADASEVICH: Your Honor, I did have Rule 26 |
| 10:58:10 | 11 | conferences with plaintiffs' lead counsel, and in those |
| 10:58:14 | 12 | conversations, not anticipating what the Court was going to do |
| 10:58:17 | 13 | today, we were focusing on the individual issue, and we had |
| 10:58:20 | 14 | informed him that we could get our disclosures out with |
| 10:58:23 | 15 | respect to Mr. Mau and in light of the Court's comments and |
| 10:58:27 | 16 | also embracing the Court's comments today, within 14 days, |
| 10:58:31 | 17 | which would have information in their hands -- |
| 10:58:34 | 18 | THE COURT: The 21st, which is the originally |
| 10:58:39 | 19 | scheduled status date, is that too early? Should I move it? |
| 10:58:43 | 20 | MR. RADASEVICH: It's a little tight, your Honor, to |
| 10:58:44 | 21 | give plaintiffs' counsel opportunities to take a look at the |
| 10:58:49 | 22 | materials that we present to them. |
| 10:58:50 | 23 | THE COURT: Suppose I vacate that and put it instead |
| 10:58:53 | 24 | into maybe the first week in May. That will give both sides |
| 10:58:56 | 25 | more time. I am going to vacate the April 21st, and if you |

| | | |
|---|---|---|
| 10:59:03 | 1 | look at the week of May 3rd through the 7th. |
| 10:59:12 | 2 | MR. RADASEVICH: The 4th, your Honor, I am going to |
| 10:59:15 | 3 | be in Cleveland. |
| 10:59:15 | 4 | THE COURT: The 4th is maybe the least available. |
| 10:59:18 | 5 | All the other four days are fine for 9:00 o'clock. |
| 10:59:21 | 6 | THE CLERK: Not the 5th. |
| 10:59:22 | 7 | THE COURT: Pardon? |
| 10:59:23 | 8 | THE CLERK: Not the 5th. |
| 10:59:25 | 9 | THE COURT: I'm sorry then. |
| 10:59:27 | 10 | MR. RADASEVICH: The 6th, your Honor, I have to be |
| 10:59:28 | 11 | out in Kane County. The 7th? |
| 10:59:31 | 12 | THE COURT: Friday, the 7th, is fine with me. |
| 10:59:34 | 13 | MR. SNAO: Friday, the 7th, is fine. |
| 10:59:36 | 14 | THE COURT: 9:00 o'clock then on May 7th. |
| 10:59:40 | 15 | MR. RADASEVICH: And finally, your Honor, with |
| 10:59:42 | 16 | respect to the jurisdictional issue, I would be remiss if I |
| 10:59:46 | 17 | didn't note that there is a body of case law at the District |
| 10:59:48 | 18 | Court level anyway indicating that under 1332(d)(10), an LLC |
| 10:59:52 | 19 | would be considered an unincorporated association; therefore, |
| 10:59:55 | 20 | you only look at the nerve center. |
| 10:59:57 | 21 | THE COURT: I know that. |
| 10:59:59 | 22 | MR. RADASEVICH: That hasn't been addressed by this |
| 11:00:02 | 23 | Court or the Seventh Circuit. |
| 11:00:03 | 24 | THE COURT: That's why I accepted the CAFA because it |
| 11:00:09 | 25 | says unincorporated in that subsection, and it basically |

| | | |
|---|---|---|
| 11:00:17 | 1 | changes the law that applies to all other LLC situations.  So |
| 11:00:21 | 2 | that's one other reason that I didn't touch it. |
| 11:00:24 | 3 |     MR. RADASEVICH:  Okay. |
| 11:00:24 | 4 |     THE COURT:  Thank you. |
| 11:00:25 | 5 |     MR. RADASEVICH:  Thank you, your Honor. |
| 11:00:26 | 6 |     MS. MILMAN:  Thank you. |
| | 7 | (Which were all the proceedings had in the above-entitled |
| | 8 | cause on the day and date aforesaid.) |
| | 9 | I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter. |
| | 10 | |
| | 11 | Carolyn R. Cox      Date |
| | 12 | Official Court Reporter<br>Northern District of Illinois |
| | 13 | /s/Carolyn R. Cox, CSR, RPR, CRR |